Filed May 13, 1886.

---

No. 12,529.

## LITTELL v. HOAGLAND ET AL.

HUSBAND AND WIFE.—*Conveyance.*— *Will.*—*Inchoate Interest of Wife.*—*Estoppel.*—A wife who joins her husband in the execution of a warranty deed, absolute in its terms, conveying land devised to him, in which, by the will, she has an inchoate interest, is estopped from asserting, on the death of her husband, such interest against the grantee.

SAME.— *Deed Absolute.*— *Mistake and Reformation.*—A wife who joins her husband in the execution of a deed, absolute in its terms, to his land, in which she has an inchoate interest, can not avoid the effect of such deed by alleging merely that she joined in such deed for the purpose *only* of conveying his interest, and not showing mistake and asking reformation.

From the Clark Circuit Court.

*J. H. Stotsenburg*, for appellant.

*J. K. Marsh* and *J. P. Dunn, Jr.*, for appellees.

HOWK, J.—The only error assigned by appellant, the plaintiff below, upon the record of this cause, is the decision of the court below in sustaining the demurrer of appellee Hoagland to appellant's complaint.

In her complaint the appellant alleged that on the 10th day of April, 1862, one Absalom Littell was the owner in fee simple, among other property, real and personal, of certain real estate, particularly described in survey No. 88 of the Illinois Grant, and also of certain other described land, in sur-

Littell *v.* Hoagland *et al.*

veys 88 and 110 of the Illinois Grant, all in Clark county; that on the day last named said Absalom Littell executed and acknowledged, in conformity with law, his last will and testament, containing, among other bequests and devises, the following devise, namely:

" I give and bequeath unto my son, Norris Littell, and to his children or to his assigns, after the decease of his mother, the whole of my real estate situate in Number 88 of the Illinois Grant aforesaid, with the appurtenances thereto belonging, containing about 164 acres (besides the grave-yard lot which is hereby reserved for a burying place), and also a common pass-way for a wagon from the southeast corner of that part of my real estate bequeathed in this my will to my daughter Sally, in Number 108 aforesaid, thence along on the south side of the line dividing Number 88 from Number 108 aforesaid, to the New Albany State road at Hamburg, for the use of Moses Poindexter or for the use of his family, so long as they may desire the use thereof for their own benefit. I further give and bequeath unto my son, Norris Littell, and to his children or to his assigns, after the decease of his mother, about 27 acres and 55 poles of land situate in Numbers 110 and 89 of the Illinois Grant aforesaid, with the appurtenances thereto belonging, and particularly named in the bequeathment made to my daughter Tilseann, and bounded as follows : " (Description omitted.) " Provided, however, if my son Norris should die before his wife, Marilda, then do I, by these presents, give and bequeath unto the said Marilda the occupancy, use, benefit, interest, gain or advantage, arising from the cultivation, rents or profits of the whole of the above described premises bequeathed unto my son, Norris Littell, so long as she continues to be his widow ; provided, however, if the said Marilda chooses to marry a second time, then to possess and enjoy the one-half of the benefits, interest, gain or advantage arising from the cultivation, rents or profits of the premises aforenamed, and that half, including the mansion-

house and other buildings, to be for her own special benefit during her natural life; the whole of the other half to be for the use and benefit of the children of my son Norris, at his decease. I hereby give and bequeath the whole of the premises unto the children of my son, Norris Littell, to them and their heirs and assigns forever."

And appellant further alleged that said Absalom Littell died on April 11th, 1862, owing no debts, and his last will aforesaid was duly probated in the court of common pleas of Clark county, on May 28th, 1862; that on September 10th, 1874, Achsah Littell, the widow of Absalom Littell, who was named and referred to as his wife in his last will, died intestate in Clark county; that afterwards, on February 3d, 1875, the said Norris Littell (his wife, the appellant, joining in such conveyance, "for the purpose only of conveying the interest of the said Norris Littell in the said premises, and at his request)," conveyed his interest in the lands described to the appellee Jacob W. Hoagland, a certified copy of which deed was filed with and made part of appellant's complaint.

Appellant further averred that afterwards, on June 10th, 1879, the said Norris Littell died intestate, leaving surviving him the following adult children and heirs at law, namely: Caro N. Littell, Otto J. Littell, Ella B. Littell and Othello Maude, intermarried with Charles P. Oschner; that Othello Maude died intestate at St. Louis, Missouri, on November 18th, 1883, leaving her husband but no children surviving her; that Ella B. Littell conveyed all her right, title and interest in such real estate to appellee Alexander F. Beattie, on February 10th, 1884; that Caro N. and Otto J. Littell, Charles P. Oschner, Alexander F. Beattie and Jacob W. Hoagland were made defendants herein to set up their interests in such real estate; and that the above named children of Norris Littell were the same persons who were described in such last will of Absalom Littell as "the children of my son, Norris Littell."

Appellant further said, that she had not married again since

the death of Norris Littell, and that, since his death, she had been entitled to the use, occupancy, benefit, interest, gain and advantage arising from the cultivation, rents and profits of the whole of such real estate, which, since June 10th, 1879, had been reasonably worth $500 per year, of all which she had been deprived by appellee Hoagland; and that the aggregate sum of $2,500 for the use and occupancy of such premises for five years, ending June 10th, 1884, was due and wholly unpaid; that the defendants, other than Hoagland, claimed and pretended that they each owned an undivided one-fifth part of such real estate as tenants in common with appellee Hoagland, and that, by the terms of such last will, such real estate was devised to Norris Littell and to his children, share and share alike, and that the appellant had no interest in such real estate, except such as she might have derived as an heir at law of Othello Maude Oschner, deceased; but the appellant denied such pretended claim, and averred that such defendants, other than Hoagland, were only entitled to one-half of such real estate, in case of appellant's remarriage, and, in case she should not remarry, that they held such real estate in remainder contingent upon appellant's death, and that, construing all parts of the will together, the defendants had no interest whatever in such real estate, or in the profits thereof. Wherefore, etc.

The defendants, other than Hoagland, answered by a general denial of the complaint, but the record before us fails to show that anything whatever was done below upon this issue. Appellee Hoagland demurred to appellant's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action against him. The court sustained this demurrer, and this ruling presents the only questions in the case for our decision.

We are of opinion that the court below did not err in sustaining Hoagland's demurrer to appellant's complaint. Whatever else might be said of the facts stated in such complaint, as affecting Hoagland's title to the real estate described therein,

it is certain, we think, that they fail to show any cause or right of action in the appellant, of or concerning such real estate, or any interest therein, for any purpose whatever. By his last will Absalom Littell gave the appellant an inchoate interest, and nothing more, in the lands devised to her husband and his son, Norris Littell, dependent, of course, for its fruition and enjoyment upon her survivorship of her said husband. It is shown by the averments of her complaint, that long before the death of her husband, Norris Littell, appellant joined him in the conveyance, of the lands devised, to the appellee Hoagland, by their joint deed with full covenants of warranty, for the consideration therein expressed of $12,000, and subject only to the taxes thereon for 1874 and 1875. True, the appellant has alleged that she joined her husband, Norris Littell, in the execution of such deed, "for the purpose only" of conveying his interest in such real estate; but the deed is set out in her complaint, is joint and absolute in its terms, and no such "purpose" on her part is expressed therein. She has not alleged that there was or is any mistake in such deed, nor has she asked for the reformation thereof in any particular. It must be held, therefore, we think, that, by joining her husband in the execution of such deed, appellant is estopped as to appellee Hoagland, from asserting or enforcing any claim to the inchoate interest given her in the last will of Absalom Littell, in the lands described in her complaint. This is settled by our decisions in cases closely analogous to the case in hand. *Dunn* v. *Tousey*, 80 Ind. 288; *Youst* v. *Hayes*, 90 Ind. 413; *Snoddy* v. *Leavitt*, 105 Ind. 357.

The judgment is affirmed, with costs.

Filed May 11, 1886.