Argued January 5, decided January 13, rehearing denied February 17, 1914.

## KEADY v. MARTIN.

(137 Pac. 856.)

**Estoppel—By Deed—Bargain and Sale Deed.**
    A deed by husband and wife whereby they bargain, sell and quitclaim to the grantee, his heirs and assigns forever, without naming any estate which the grantors or either of them had in the land, which the husband had previously assigned, without the wife's signature, for the benefit of creditors, cannot be restricted to a release of the wife's inchoate right of dower but, as against the grantors, conveys the fee-simple title, and neither of them, nor those claiming under them, can be heard to say aught to the contrary.
        [As to estoppel of married women by recitals in their deeds, see note in 28 Am. St. Rep. 374.]

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.   Statement by MR. JUSTICE BURNETT.

Claiming to be the assignee of a right to dower in certain real property, L. Y. Keady, as plaintiff, brings

this suit against Hattie L. Martin and Abe Doran to secure an admeasurement of that estate and to recover for the use and occupation thereof. His claim was resisted principally upon the ground that he was estopped by a former deed of his immediate grantor. From a decree dismissing the suit, the plaintiff has appealed. Other facts are stated in the opinion.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Sargent & Swope,* with an oral argument by *Mr. H. K. Sargent.*

For respondent there was a brief and an oral argument by *Mr. Robert C. Wright.*

As *amici curiae,* there was a brief over the names of *Mr. Warren E. Thomas, Mr. Omar C. Spencer* and *Messrs. Carey & Kerr,* with oral arguments by *Mr. Thomas* and *Mr. Spencer.*

MR. JUSTICE BURNETT delivered the opinion of the court.

On October 8, 1896, J. M. Moyer, husband of the plaintiff's grantor, conveyed the real property involved here to an assignee for the benefit of the creditors of Moyer. The latter's wife did not join in that deed. On February 21, 1899, Moyer and his wife executed and acknowledged their joint deed to Jefferson Myers, the material parts of which are as follows:

"This indenture witnesseth: That J. M. Moyer and Elizabeth D. Moyer, his wife, for the consideration of the sum of five hundred dollars to them paid, have bargained, sold, and quitclaimed, and by these presents do bargain, sell and quitclaim unto Jefferson Myers the following described premises, to wit: [Here follows, among others, a description of the realty involved in this suit.] * * To have and to hold the

said premises with their appurtenances unto the said Jefferson Myers, his heirs and assigns forever.''

On March 17, 1899, Jefferson Myers, unmarried, conveyed to P. H. Blyth the property here in suit, being lot 3, block 190, in the City of Portland, Multnomah County, Oregon, by a deed in identical terms, for the consideration of $1,000. The defendant Martin is the successor in interest by mesne conveyances from Blyth. J. M. Moyer died July 25, 1904. On August 3, 1912, Elizabeth D. Moyer executed and delivered her deed to the plaintiff, reciting as follows:

''Know all men by these presents: That Elizabeth D. Moyer, unmarried, widow of J. M. Moyer, deceased, of Brownsville, Oregon, in consideration of one dollar to her paid by L. Y. Keady of Portland, Oregon, has bargained and sold, and by these presents does bargain, sell, assign and transfer unto L. Y. Keady, his heirs and assigns, all of her right, title and interest, including dower and claim of dower in and to the following described real property: [Describing the same as above with others.] * * To have and to hold the same unto the said L. Y. Keady, his heirs and assigns forever.''

The contention of the plaintiff is that, the husband having conveyed the land to his assignee for the benefit of creditors, the wife had no estate in the land which she could convey at any time during the life of her husband; that, having nothing, the deed of Moyer and wife passed no title to Myers, whose deed, in turn, was ineffectual to transmit any property to Blyth. The contention of the defendant is that by the deed to Myers from Moyer and his wife, under the latter of whom plaintiff claims, an estoppel exists which prevents the plaintiff from taking anything in this suit. Stripped of immaterial collateral questions injected into this record, the issue must turn upon the construc-

tion and effect of the deed from Moyer and wife to Myers.

The leading case upon this subject in this state is *Taggart* v. *Risley,* 4 Or. 235. In discussing the question of whether a deed of bargain and sale carried on after-acquired title, the court, speaking by Mr. Justice McARTHUR, says:

"Thus it will be seen that the ancient doctrine that estoppel grows out of warranty has been departed from by the Supreme Court of the United States, and it is now held that a deed without warranty may operate as an estoppel, in order to prevent a failure of the purpose for which it was executed. *Van Rensselaer* v. *Kearney* [11 How. 325, 13 L. Ed. 703], *supra; Fitzhugh's Heirs* v. *Tyler,* 9 B. Mon. [Ky.] 559. The question is one of intention ([*Trull* v. *Eastman*], 3 Metc. [Mass.] 121 [37 Am. Dec. 126]; [*Miller* v. *Ewing*] 6 Cush. [Mass.] 33), and the whole instrument must be taken together, and effect must be given to its meaning as derived from each and every part of it. If the terms of a deed plainly show that it was meant to pass an absolute estate to the land itself, and not merely the estate which the grantee had at the time, it will bind and pass every estate or interest, which may vest in him subsequent to its execution, though it contain no warranty. *Fairbanks* v. *Williamson,* 7 Greenl. [Me.] 96; *White* v. *Erskine,* 10 Me. (1 Fairfield) 306; *Kimball* v. *Blaisdell,* 5 N. H. 533 [22 Am. Dec. 476]; *Trull* v. *Eastman,* 3 Metc. (Mass.) 121 [37 Am. Dec. 126]; *Bean* v. *Welsh,* 17 Ala. 772. In *Doe* v. *Oliver* (2 Smith's Ldg. Cases, 637), it is said that these decisions abandon the technical ground, taken in some of the earlier cases, that estoppel grows out of warranty, and rest it upon the broader basis of giving effect to the intention of the parties as expressed in the deed. No reason exists, under this view of the law, for attributing a more conclusive effect to the covenants in a deed than to any other portion of its contents."

This case is followed in the later cases of *Gardner* v. *Wright,* 49 Or. 609 (91 Pac. 286) ; *Morrow* v. *Warner Valley Stock Co.,* 56 Or. 312 (101 Pac. 171) ; *Langley* v. *Kesler,* 57 Or. 281 (110 Pac. 401, 111 Pac. 246).

As to the effect of a bargain and sale deed on after-acquired title, see, also, the following cases : *Balch* v. *Arnold,* 9 Wyo. 17 (59 Pac. 434) ; *Carter* v. *Chaudron,* 21 Ala. 72; *Belcher Consol. Gold Min. Co.* v. *Deferrari,* 62 Cal. 160; *Needham* v. *Clary,* 62 Ill. 344; *Littell* v. *Hoagland,* 106 Ind. 320 (6 N. E. 645); *Thomas* v. *Stickle,* 32 Iowa, 71; *Damouth* v. *Klock,* 29 Mich. 289; *Jackson* v. *Demont,* 9 Johns. (N. Y.) 55 (6 Am. Dec. 259) ; *Buchanan* v. *Harrington,* 141 N. C. 39 (53 S. E. 478).

In the pleadings there are no allegations in any way impeaching the deed from Moyer and wife to Myers or seeking to reform the same. It must take effect, therefore, according to its own terms. Considering its language, we find that the grantors therein, without naming the estate which either had in the land, assumed to bargain and sell, not any particular interest therein, but the whole fee, for they say that they "do bargain, sell and quitclaim unto Jefferson Myers the following described premises. * * To have and to hold the said premises with their appurtenances unto the said Jefferson Myers, his heirs and assigns forever." The terms "bargain and sell" are not lessened nor qualified in their effect by the additional term of "quitclaim." In the absence of any language in the deed indicating such a purpose, that instrument cannot be restricted in its effect to a mere release of an inchoate right of dower. As against the grantors therein, it operates with the wider effect of conveying the fee-simple title to the property in question, and, with such a deliberate declaration of their purpose in making the conveyance, neither of them, nor those

claiming under them, can be heard to say aught to the contrary. Assuming, as they did, to deal with the fee-simple title, and considering that no effort is made to impeach or qualify the deed, as for fraud or mistake, we cannot now allow them to say that the deed meant anything less than what appears upon its face.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE McNARY and MR. JUSTICE RAMSEY concur. The other Justices not sitting.