Submitted on briefs March 10, affirmed March 29, 1927.

## CHARLES PALMATEER ET AL. *v.* W. R. REID.

(254 Pac. 359.)

**Deeds—Deed Granting Fee, but Restricting Alienation, Held to Pass Fee-simple Title.**

1.   Father's deed to son absolute in form except for provision that grantee could not convey, but that premises should descend to grantee's heirs, expressed irreconcilable intentions and would be construed to convey fee-simple estate.

Deeds—Granting Clause Without Words of Inheritance was Suffi-
cient to Convey Fee-simple Estate, Under Statute (Or. L.,
§ 9847).

2. A granting clause, in the form "convey unto the party of the
second part the following described real property," was sufficient
to convey a fee-simple estate, under Section 9847, Or. L., providing
that the term "heirs" or other words of inheritance shall not be
necessary to create an estate in fee simple.

Deeds—Entire Deed will be Considered to Ascertain and Give Effect
to Parties' Intention.

3. In construing a deed the entire instrument, not separate parts
thereof, are to be considered to ascertain the intention of parties,
and effect must be given, if possible, to all language used by grantor
in expressing his intention of estate conveyed.

Deeds—Deeds are Construed More Strongly Against Grantor.

4. Deeds are construed more strongly against the grantor; condi-
tions defeating or limiting the estate being viewed with disfavor.

Deeds—Court must Give Effect to Clear Lawful Condition in Deed.

5. When language used in deed clearly or explicitly expresses
a condition or defeasance, the court must give effect to it, unless
it violates some well-established legal principle.

Deeds—Grantor cannot, in Deed Expressly Conveying Fee-simple
Estate, Limit Grantee's Right of Alienation.

6. Where grantor by clear and apt words conveys a fee-simple
estate, he cannot in same instrument say that grantee does not
possess right of alienation, which is an attribute of ownership.

Deeds—"Heirs," in Deed, Construed to have Legal Import, and not
to be Equivalent to Children.

7. In a deed conveying land to the grantee and his heirs for-
ever, but with a provision that he should have no power to convey
the premises and at his death they should descend to his heirs, the
word "heirs" will not be construed to mean "children," but will
be presumed to have been used with its legal signification.

Deeds—"Heirs" Designates Persons Who Would Take Realty of
Intestate and has This Import, Unless Context Shows Grantor
Meant Children.

8. The word "heirs" is to be given its legal import, in which
sense it designates the persons who would by statute succeed to
the real estate in case of intestacy, unless it clearly appears from
the context that the grantor used it as meaning children.

Deeds—Granting Clause will Prevail Where in Hopeless Conflict
With Other Parts of Deed.

9. Where there is an irreconcilable repugnancy between the
granting clause and the other parts of a deed, and it is impossible

3.  See 8 R. C. L. 1047.
9.  See 8 R. C. L. 1044.

to ascertain the intention of the grantor from the instrument in its entirety, the estate conveyed by the granting clause will prevail.

**Deeds—Doubt Whether Grantor Intended to Convey Fee-simple or Life Estate Should be Resolved in Favor of Grantee (Or. L., § 9847).**

10.  Doubt whether grantor intended to convey fee-simple or life estate should be resolved in favor of the grantee, and the greater estate passes, under Section 9847, Or. L., providing that any conveyance shall pass all of grantor's estate, unless intention to pass less estate shall appear by express terms or be necessarily implied in terms of grant.

---

Deeds, 18 **C. J.**, p. 256, n. 63, 73, p. 263, n. 64, p. 267, n. 23, 26, p. 299, n. 65, 66, p. 300, n. 71, p. 311, n. 15, p. 322, n. 19, p. 332, n. 23, p. 333, n. 28.

Property, 32 **Cyc.**, p. 677, n. 96.

From Clackamas: J. U. CAMPBELL, Judge.

In Banc.

AFFIRMED.

For appellants there was a brief over the names of *Mr. Wm. M. Stone* and *Mr. Livy Stipp.*

For respondent there was a brief over the name of *Mr. Philip Hammond.*

BELT, J.—This question involves the title to eighty acres of land in Clackamas County, the determination of which depends primarily upon the construction of a deed, executed January 31, 1872, by Garrett Palmateer and wife to their son, Charles W. Palmateer. The granting clause in the deed recites that the grantors have ''bargained and sold and by these presents do grant, sell and convey unto the said party of the second part the following described real property, to wit'': (Description). Then follows the *habendum:* ''To have and to hold the above described premises unto the said party of the second part and

---

10.  See 8 **R. C. L.** 1046.

his heirs forever, except that the said parties of the first part hereby reserve the use of forty acres of the above described premises * * as long as the said parties of the first part shall live, *provided, however, that the said party of the second part shall have no power to sell and convey said premises, but that at his death it is to descend to his heirs."* We have italicized that portion of the above instrument which has given rise to this controversy.

On March 6, 1889, Charles W. Palmateer and his wife, by warranty deed, purported to convey to John W. Covey a fee-simple estate and, by mesne conveyances, the property was acquired by the defendant on July 30, 1910. The plaintiffs, who are children of Charles W. Palmateer, assert that their father had only a life estate in the premises in question and that at his death in 1926 their rights as remaindermen accrued. Defendant not only claims the record title, but also alleges that he and his predecessors in interest since 1889 have been in adverse possession of the land and have made valuable improvements thereon. Relative to defendant's alleged title by adverse possession, the plaintiffs answer that such is not in issue, since the statute of limitations did not begin to run against them until their cause of action accrued upon the death of their father in 1926.

1–3. Aside from the question of adverse possession, the matter for decision is whether the deed executed in 1872 to Charles W. Palmateer conveyed a life estate or one in fee simple. If we look only to the words in the granting clause, it is clear that a fee-simple estate was conveyed as the word "heirs" or other words of inheritance are not necessary to create or convey such an estate: Section 9847, Or. L. The first part of the *habendum* clause, "To have and to hold the above de-

scribed premises unto the said party of the second part and his heirs forever," strengthens the view that the grantee was vested with a fee-simple title. These words in the *habendum* do not conflict with the granting clause, but rather support it. However, in construing this deed we must look to the entire instrument, and not to separate parts thereof, to ascertain the intention of the parties. Where it is possible to do so, effect must be given to all of the language used by the grantor in expressing his intention as to the kind and character of estate which he intends to convey. As stated in Devlin on Deeds (3 ed.), Volume 2, page 1512:

"To effectuate the intention of the parties, the whole deed should be read, and, if possible, effect should be given to the *habendum* clause as well as to the clause containing the words of grant, as the object of the *habendum* clause is to enlarge, limit or explain the estate conveyed, * * ."

4. Let us look to the remainder of the *habendum* clause which states that the grantee "shall have no power to sell and convey said premises but that at his death it is to descend to his heirs," and determine whether such will have the legal effect of cutting down or restricting a fee-simple estate. In this connection it is well to bear in mind the statutory provision (Section 9847, Or. L.): " * * any conveyance of any real estate hereafter executed shall pass all of the estate of the grantor, unless the intent to pass a less estate shall appear by express terms, or be necessarily implied in the terms of the grant."

5, 6. It is also a rule of construction, for which no authorities need be cited, that deeds are construed more strongly against the grantor. Conditions defeating or limiting an estate are not viewed with favor. Of course, when the language used clearly and

explicitly expresses a condition or defeasance, the court must give it effect unless it violates some well-established legal principle. The grantor, having by clear and apt words created a fee-simple estate, his conclusion that the grantee would have no power to sell or convey the property is erroneous. It will not do for the grantor to create the highest estate known to the law and then, in the same instrument, say to his grantee that he does not possess the right of disposition. The right of alienation is an attribute of ownership.

7, 8. The direction that the estate conveyed would, upon the death of the grantee, descend to his heirs is in keeping with the law. If Charles W. Palmateer died intestate, the property would, unquestionably, descend to his heirs. It is argued that "heirs" was used in the sense of "children" but with this contention we cannot agree. It is presumed that the word was used with its legal signification. The word "heirs," like all other legal terms, is to be given its legal import—in which sense it designates the persons who would by statute succeed to the real estate in case of intestacy—unless it clearly appears from the context that the grantor used it as meaning "children." In legal usage, "heirs" would include persons other than children. It might be that the grantee would have no children at the time of his death. It is possible that his heirs might consist of a father or mother or brother or sister. We cannot say from the deed in its entirety that the grantor used the word "heirs" in any other way than with its legal import: *Neal* v. *Davis,* 53 Or. 423 (99 Pac. 69, 101 Pac. 212); Devlin on Real Estate (3 ed.), Vol. 2, p. 1555.

9. It is argued that the language in the deed relative to the alienation of the property is inconsistent with an estate in fee and that it indicates an intention to convey only a life estate. If it be conceded that such language tends to support this contention, we are confronted with an irreconcilable repugnancy of the granting clause and the *habendum*. Under such circumstances, which shall prevail? There are many decisions which announce the common-law rule that, while the *habendum* clause might be resorted to to explain, enlarge or qualify the estate granted, it would not be allowed to contradict or defeat the estate granted in the premises. See cases listed in notes to 12 L. R. A. (N. S.) 956; 24 L. R. A. (N. S.) 514, and 42 L. R. A. (N. S.) 378). The rule above announced, however, is not in keeping with the trend of modern authorities. Courts are becoming more and more inclined to give effect to all of the language used in a deed of conveyance and not to consider the granting clause and the *habendum* clause as separate and distinct parts with certain legal functions. Without reviewing or attempting to reconcile the many conflicting authorities on this question, we believe the better rule to be that, where there is an irreconcilable conflict between the granting clause and the other parts of the deed, and it is impossible to ascertain with any degree of certainty the intention of the grantor, after consideration of the instrument in its entirety, the estate conveyed by the granting clause will prevail.

10. Where there is a doubt as to whether the grantor intended to convey an estate in fee-simple or a life estate, the doubt should be resolved in favor of the grantee and the greater estate would pass. This rule of construction is in keeping with the spirit of the statute (Section 9847, Or. L.) above quoted.

As stated in 8 R. C. L. 1046:

"The modern tendency is to ignore the technical distinctions between the various parts of a deed and to seek the grantor's intention from them all, without undue preference to any, giving due effect to all, including both *habendum* and granting clause, where such can reasonably be done, in order to arrive at the true intention, even to the extent of allowing the *habendum* to qualify or control the granting clause where it was manifestly intended that it should do so. And while it cannot be doubted that the rule according primary significance to the granting clause still obtains, being sometimes treated as a rule of property, and that if two conflicting intentions are expressed, there is no alternative but to construe the deed by the technical rules, even though they may be denominated arbitrary, nevertheless it is only when the clauses are irreconcilably repugnant that such a disposition of the question is required to be made." And numerous authorities cited in support thereof.

Also, see Devlin on Real Estate (3 ed.), Vol. 1, § 214; 18 C. J. 267; *Teague* v. *Sowder,* 121 Tenn. 132 (114 S. W. 484); *Combs* v. *Fields,* 211 Ky. 842 (278 S. W. 137); *Millage* v. *Churchill,* 69 Colo. 457 (195 Pac. 107). We are unable to reconcile the conflicting intentions as expressed by the grantor in the deed in question, so effect will be given to those words which clearly and unmistakably created a fee-simple estate.

In view of this conclusion, it is unnecessary to determine whether the defendant also acquired title by adverse possession.

The decree of the lower court that the defendant is the owner in fee simple of the property in controversy is affirmed.                    AFFIRMED.

BEAN and RAND, JJ., dissent.