Argued at Pendleton May 4, reversed July 12, rehearing denied
August 30, 1927.

# THE UNITED STATES NATIONAL BANK OF LA GRANDE *v.* ARTHUR BEN MILLER et al.

### (258 Pac. 205.)

**Deeds—Leasehold Interest in Real Estate may be Conveyed by
Deed.**

1. A leasehold interest in real property is such an interest as
may be conveyed by deed.

**Landlord and Tenant—"Lease" is Conveyance of Lands and Tene-
ments for Life or Years.**

2. "Lease" is a conveyance of lands and tenements by a person
for life or years.

**Deeds—Deed Whereby Grantor Granted, Bargained, Sold and Con-
veyed Property Without Reference to After-acquired Interest
Held to Convey Present Interest Only.**

3. Deed, whereby grantor granted, bargained, sold and conveyed
all right, title and interest in and to described land together with
crops *held* to be a conveyance of present interest, and not to con-
vey an interest thereafter acquired by inheritance.

**Deeds—Deed to Convey After-acquired Interest must Mention In-
tention Specifically, or Make Recitals Precluding Grantor from
Disputing Effect.**

4. In order to convey an after-acquired interest, it is necessary
either specifically to mention the intention, or to make such recitals
as will preclude the grantor from thereafter disputing the effect
of the conveyance.

**Deeds—Grantor of Deed Conveying Interest in Land Held by Him
as Tenant Together With Crops Held not Estopped to Deny
That Deed Conveyed Interest Subsequently Acquired by Devise.**

5. Grantor of deed conveying lands in which he held only lease-
hold interest with crops to mature during the year of conveyance
*held* not estopped from denying that the deed conveyed an interest
which he afterwards acquired by devise under grandfather's will.

**Deeds—That Bank's Attorney Drew Deed in Its Favor Justified
Inference Instrument was as Favorable to Grantee as Known
Facts Permitted, Though It Failed to Convey After-acquired
Interest.**

6. The inference is justified that a deed in favor of a bank
drawn by its attorney was as favorable to the grantee as the facts
known to the attorney permitted, notwithstanding it did not pur-

---

2. See 16 R. C. L. 530.
3. See 8 R. C. L. 1060.

port to convey an after-acquired interest in lands in which the grantor had at the time a possibility of inheritance.

**Evidence—Court Takes Judicial Notice of Times and Seasons.**

7. Court takes judicial notice of times and seasons.

**Evidence—Grantor's Intention in Unambiguous Deed Could not be Proved by Oral Testimony (Or. L., § 713).**

8. Oral evidence of the grantor's intention to convey not only present interest in land, but any interest he should thereafter acquire under his grandfather's will, *held* inadmissible, where the deed was clear and unambiguous, under Section 713, Or. L., providing that writing is considered as containing all terms of agreement.

**Deeds—Court must Gather Intention of Parties from Entire Deed and Circumstances of Execution, but may not Insert Omissions (Or. L., §§ 715, 717).**

9. The court must give effect to the intention of the parties in a deed gathered from the entire instrument and in consideration of the circumstances under which it was made, under Section 717, Or. L., but may not, under Section 715, Or. L., insert what has been omitted.

**Constitutional Law—Supreme Court may not Violate Statutes or Adopt Rule of Construction That Would Do Harm, Merely Because in Instant Case Conclusion Works Injustice (Or. L., §§ 713, 715, 717).**

10. The Supreme Court may not violate the law as expressed in Sections 713, 715 and 717, Or. L., relating to the construction of written instruments and the admissibility of oral testimony tending to modify them; or adopt a rule of construction that would do harm, merely because in the instant case the conclusion results in manifest injustice.

Appeal and Error, 4 **C. J.**, p. 649, n. 36.
Deeds, 18 **C. J.**, p. 252, n. 29, p. 253, n. 33, 35, p. 254, n. 46, p. 256, n. 73, p. 257, n. 79, p. 258, n. 83, p. 260, n. 40, p. 261, n. 41, 46, p. 292, n. 77.
Estoppel, 21 **C. J.**, p. 1074, n. 57.
Evidence, 22 **C. J.**, p. 1098, n. 96, p. 1122, n. 1, p. 1175, n. 44, p. 1177, n. 49, p. 1182, n. 73; 23 **C. J.**, p. 140, n. 98.
Landlord and Tenant, 35 **C. J.**, p. 1140, n. 16.
Vendor and Purchaser, 39 Cyc., p. 1317, n. 50.

From Union: J. W. KNOWLES, Judge.

In Banc.

This suit was instituted to foreclose an instrument in the form of a deed but claimed by the plaintiff to

---

7. See 15 **R. C. L.** 1009, 1010.

have been executed and delivered as security for money loaned. The parts of the deed pertinent to this discussion are as follows:

"For and in consideration of the sum of One Dollar and other good and valuable considerations, to me paid, the receipt whereof is hereby acknowledged, I, A. B. Miller, do hereby grant, bargain, sell and convey unto the United States National Bank of La Grande, Oregon, all my right, title and interest in and to the following described real estate in Union County, Oregon, to-wit: * *

"Together with all crops now growing upon said land or to be grown thereon during 1922, said crops to be delivered to the said bank in accordance with the terms of the lease now upon said land.

"To Have and to Hold unto the said The United States National Bank of La Grande, Oregon, its successors and assigns forever. * * "

This instrument was duly executed and acknowledged on the sixteenth day of January, 1922, and recorded in the Deed Records for said county on January 17, 1922. At the time the instrument was executed and delivered the defendant applied to the plaintiff for a loan to enable him to comply with an order of the court requiring him to pay money into court to enable his wife to conduct a suit for divorce. At that time the defendant was indebted to the plaintiff on a balance of over $3,000 for money previously loaned by the plaintiff to defendant. The autumn preceding the transaction under discussion defendant was indebted to the bank about $8,000 which was secured by a crop of grain on land that he had farmed as a tenant. The crop did not sell for enough to pay the full $8,000 and the balance of said indebtedness was included in the note executed by the plaintiff in favor of the defendant at the time said deed was executed and delivered. The testimony of the cashier

of the plaintiff and defendant is in conflict regarding what was said at the time the loan was made by the plaintiff to defendant. Plaintiff claims that the deed was given to secure the old loan as well as the small amount of money advanced at the date the deed was executed and also to secure subsequent advances. Two other loans were thereafter made by plaintiff to defendant, both of which were repaid by defendant. Plaintiff contends that said deed was intended to convey to plaintiff as security the interest defendant expected to inherit from his grandfather. Defendant stoutly denies any such conversation or intention on his part. He testifies that he thought it would have been a criminal act to attempt to convey what he did not own. Defendant inherited from his grandfather an undivided one-fifth interest in the land described in said deed by will on February 22, 1925, the date his grandfather departed this life.

On November 3, 1922, defendant filed his voluntary petition in bankruptcy and thereafter, to wit, on the twenty-fourth day of October, 1923, received his discharge. The claim of plaintiff, based on the promissory note secured by said deed, was duly listed among his debts by defendant and was filed as a claim against the estate of the bankrupt by the plaintiff.

A decree was entered in favor of plaintiff charging the interest of defendant in the lands described in said deed with a lien in favor of plaintiff for the amount of the note sued upon but rendered no personal judgment against defendant. Defendant appeals from the decree. Two questions are presented by the appeal. First, does said deed convey the interest of defendant in the land acquired by him from his grandfather by will some three years after the deed was executed and delivered? Second, would

the discharge of defendant in bankruptcy bar plaintiff's claim on the note secured by said deed?

REVERSED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. J. S. Hodgin.*

For respondent there was a brief and oral argument by *Mr. J. D. Slater.*

COSHOW, J.—1, 2. The deed does not purport to convey an after-acquired interest. It contains no covenants, guarantees, recitals or warranties either as to the interest owned by defendant or so as to protect the grantee therein in its future enjoyment. At the time the deed was made defendant had an interest in the real property described. His interest was a leasehold interest but was nevertheless an interest in real property. A lease is defined by Professor Devlin as:

" * * A conveyance of lands and tenants by a person for life or years, * * ." Devlin on Real Estate (3 ed.), 23, § 13.

3, 4. Defendant therefore had an interest in the land described in the deed when the deed was executed and delivered. The language of the deed is a conveyance of a present interest without any reference to any after-acquired interest. In order to convey an after-acquired interest it is necessary either to specifically mention the intention of the grantor so to do or to make such recitals as will preclude the grantor from thereafter disputing the full force and effect of his conveyance. Professor Pomeroy states the rule thus:

"In order to create an equitable assignment, and thus let in the operation of the equitable doctrine, there must be on the *face of the instrument expressly,* or collected from its provisions by necessary implication, language of *present transfer* directly applying to the future as well as to the existing property, or else language importing a present *contract* or *agreement* between the parties to sell or assign the future property, or that the security of the mortgage should immediately attach to the future property, as the case may be." 3 Pomeroy's Equity Jurisprudence (4 ed.), § 1290.

Scrutinizing the deed involved in this appeal we find no reference at all to any future interest or of any intention to convey other than the interest then owned by defendant in the property described in the deed.

We have assumed that the equitable doctrine, permitting the assignment or conveyance of a mere possibility an assignor may have in an after-acquired title to property, is the law of this state. At the date of said deed defendant had no interest in the land described therein, except his leasehold interest. The bare possibility of inheriting an interest in the land by inheritance or will is not subject to contract, bargain or sale at law: 3 Pomeroy's Equity Jurisprudence (4 ed.), §§ 1236, 1270. There is a conflict in the different jurisdictions in this country regarding the effect of an attempt to convey land to which the grantor has no title or interest but merely expects to inherit or receive the same by will: *Consolidated Coal Co.* v. *Riddle,* 198 Ky. 256 (248 S. W. 530); *Spacey* v. *Close,* 184 Ky. 523 (212 S. W. 127); *Hunt* v. *Smith,* 191 Ky. 443 (230 S. W. 936, 17 A. L. R. 588).

5-7. But it is contended that defendant is estopped from asserting an after-acquired interest as against

plaintiff. In this connection it is urged that the words "grant, bargain, sell and convey" purport an intention on the part of grantor to convey more than a mere leasehold interest. A man cannot sell and convey what he does not own. He may by his contract make such representations about his ownership as to preclude him from thereafter denying the truth of said representations. In the deed under discussion there are no representations at all as to what right, title or interest defendant had in the property described in the deed. His undertaking is to convey whatever interest he had, including the crops for 1922. If the intent had been to convey an after-acquired interest or to represent defendant as owning an interest in fee, such intention would doubtless have been expressed in the deed. The deed was drawn by an able and experienced attorney representing plaintiff. Defendant executed the deed at the request of plaintiff without reading it in its entirety. No advantage was taken of defendant nor is there any evidence of fraud attempted to be practiced upon defendant. The fact that plaintiff had its own attorney draw the deed warrants the inference that its language was as favorable to plaintiff as the facts within the knowledge of its attorney permitted. If there had been an attempt on the part of defendant by his deed to convey not only his leasehold interest but all his present interest whatever it might be and all after-acquired interest and title, then the inclusion of all crops in the deed was surplusage. There is no more reason for including crops in a conveyance of land in fee in order to pass title thereto to the grantee than there is in describing the buildings. The deed was drawn in January. The court takes judicial notice of times and seasons. The crops grow-

ing on the land at that time would not mature for several months after the execution of that deed. Unless the crops were expressly reserved to the grantor they would pass to the grantee without being mentioned. So the fact that the crops are specifically mentioned indicates that the learned attorney who drew the deed was not informed that defendant intended to pass not only his present leasehold interest but also a fee interest, including the possibility of the title he should inherit. The leasehold interest, unless fully known to the party drawing the deed, might have expired before the crop was fully harvested and removed. Hence in conveying the leasehold interest it was prudent to specify the crops grown and to be grown for that year. Our conclusion is that defendant is not estopped by his deed from disputing plaintiff's mortgage.

The leading case on this phase of this discussion is *Van Rensselaer* v. *Kearney,* 11 How. (U. S.) 297 (13 L. Ed. 703). That decision held the deed under investigation to estop the grantor from claiming an after-acquired title as against his grantee. A careful reading of the opinion discloses that the court so held because taking the instrument by its entirety and construing all of its provisions together with the intention of both parties it clearly appears therefrom the intention of the grantor was to convey the absolute fee as well as the belief of the grantee that he was acquiring the absolute fee. The grantor contended in that case that, inasmuch as he owned an estate for life with remainder over, the deed applied only to his estate and not to an after-acquired title. This case has often been cited and generally followed in applying the doctrine of estoppel in real estate conveyances. It is a thorough discussion of the prin-

ciples of estoppel. We gather from it clearly, how-
ever, that in order to estop a grantor from claiming
an after-acquired title the grant must contain refer-
ences or representations which he is compelled to
repudiate in order to assert his after-acquired title.
Defendant in the instant case is not disputing any
recital or representations in his deed under which
plaintiff claims. That deed conveyed all of the inter-
est defendant had in the premises described therein at
the time it was made. Defendant is not now claim-
ing anything contradicting that deed. The concluding
portion of the opinion in the Van Rensselaer case, 11
How. (U. S.) 297 (13 L. Ed. 703), is:

"The reference to these leases, and virtual incor-
poration of them into the deed, and transfer as muni-
ments of the title, especially those made by John J.
himself, together with the mortgage in fee to Schuy-
ler, which was to be raised out of the purchase-money,
and the covenants required of Penfield to grant sim-
ilar leases to certain persons named, all clearly im-
port, *on the face of the instrument,* an assertion, or
affirmation on the part of the grantor, that he was
seised of a title that enabled him to make the leases
and mortgage, and that would also enable Penfield to
grant similar leases, namely, leases in fee; and which
brings the case directly within the principle of law
already stated, that estops him, and those coming in
under him, from denying that he was so seised."

The case of *Bacon* v. *Bonham,* 33 N. J. Eq. 614,
illustrates the principle involved. The equitable as-
signment was sustained in that case. The instrument
involved in that case clearly described the future
interest intended to be conveyed or transferred. Such
is the distinction between that case and the case at
bar. *Bisby* v. *Walker,* 185 Iowa, 743 (169 N. W.
467, 469, 171 N. W. 152), also sustained the convey-

ance of a future acquired interest. It did so, however, upon this reason:

" * * If the remainder were to be adjudged contingent, the mortgages thereon, *as they purported to convey the fee with covenants of warranty,* attached to and became a lien on the land upon the acquirement of title when the contingency happened, that is the death of the life tenant, there being no intervening equities."

The leading Oregon case is *Taggart* v. *Risley,* 4 Or. 235. The decision was rendered by a divided court. The reason for holding that the grantor was estopped from asserting his claim by virtue of an after-acquired interest is based upon the covenants in the grantor's deed. The case of *Keady* v. *Martin,* 69 Or. 299 (137 Pac. 856, Ann. Cas. 1916A, 796), is to the same effect. The grantors in that deed were not permitted to afterwards deny their intention to convey in fee by a deed wherein they bargained, sold and quitclaimed the therein described premises. The court says in page 303 of the official report:

" * * In the absence of any language in the deed indicating such a purpose, that instrument cannot be restricted in its effect to a mere release of an inchoate right of dower. * * ."

That was the only question involved in the case. The essence of the decision is that the grantors were bound by the terms of their deed and would not be permitted thereafter to dispute those terms. In the instant case the full effect and force of the terms of the deed was to sell and convey to plaintiff all of the interest the grantor had in the premises at the date of the deed.

8. It is argued with much ability that the evidence shows that defendant intended to convey not only his

then interest but any interest he should thereafter acquire from his grandfather's will. Such evidence was oral.

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing. * * " Or. L., § 713.

9. The exceptions noted in that section are not applicable to the instant case. It is true that it is the duty of the court to give effect to the intention of the parties in a deed as to other contracts. *Dutton* v. *Buckley,* 116 Or. 661 (242 Pac. 626). This intention must be gathered from the entire instrument: *Palamateer* v. *Reid,* 121 Or. 179 (254 Pac. 359). In order to determine the intention of the parties it is the duty of the court to consider "the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, * * so that the judge be placed in the position of those whose language he is to interpret." Or. L., § 717. The Code also prescribes:

"In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all." Or. L., § 715.

We cannot weigh the oral testimony adduced by the parties to the deed for the purpose of altering or modifying the terms of the deed. Such evidence is admissible solely for the purpose of explaining an

ambiguity, if the intent of the parties as gathered from the instrument is uncertain or vague. Evidence of the circumstances under which the instrument was drawn, the intention of the parties and the subject matter may be inquired into for the purpose of ascertaining the meaning of the parties as expressed in the instrument. The deed involved in this appeal is not ambiguous or uncertain in its meaning. Its language is clear. The only inquiry open to the court is what interest did the grantor have in and to the property described therein at the time he executed the deed. It is not disputed that he had a leasehold interest from year to year in that property and that he had no other interest at that time. His expectancy, if the mere possibility that he would receive an interest in the property through his grandfather's will may properly be termed an expectancy, was not coupled with any present interest. To permit the oral evidence to modify the deed would be in direct violation of said Section 713.

10. It may be that this conclusion results in some injustice to plaintiff. There is no doubt that it had loaned the money to the defendant. But we cannot on that account violate the law as expressed in our statutes or adopt a rule of construction that would do harm. There is no law which does not, in individual cases at times, work an injury.

The conclusion renders it unnecessary to consider or determine the effect of the bankruptcy on the claim of plaintiff against defendant. The decree of the Circuit Court is reversed and one will be entered herein dismissing the case.

REVERSED AND DECREE ENTERED. REHEARING DENIED.