Argued March 6, affirmed June 21, 1973

WIROSTEK ET UX, *Respondents, v.* JOHNSON ET UX, *Appellants.*

511 P2d 373

*James W. Lock,* Gresham, argued the cause for

appellants. With him on the brief were Burns & Lock, Gresham.

*Jack B. Schwartz*, Portland, argued the cause for respondents. With him on the brief were Sabin, Newcomb, Sabin & Meyer, Portland.

O'CONNELL, C.J.

This is an action to recover possession of a strip of land occupied by defendants, who are owners of the land abutting plaintiffs' property. Defendants appeal from a judgment in favor of plaintiffs.

The facts are as follows. In 1961, W. C. Grimson and Hazel D. Grimson employed Gene A. Leuthold, a surveyor, to survey a tract of approximately 40 acres which they owned. The tract was rectangular in shape and was bounded on the south by Carl Borges Road. It was divided into eight parcels, seven of which were equal in size and dimension. Mr. Leuthold marked the corners of each parcel with iron rods and wooden stakes. As the northerly corners were uphill and approximately 1,000 feet from Carl Borges Road, Mr. Grimson tied red broom handles to each stake in order to make the corners more visible.

Defendants purchased the third parcel from the western boundary of the tract and received from the Grimsons a deed dated April 29, 1963. At the time of purchase defendants saw the stakes marking the southeast and southwest corners of their property. Mr. Grimson testified that he also showed them the stakes marking the northerly corners. Mrs. Johnson admitted that she knew there were stakes at the northeast and northwest corners of the property, and that she later saw them. Defendants' deed contained a metes and

bounds description which was followed by the parenthetical statement, "(According to Gene A. Leuthold survey of 1961)."

Plaintiffs purchased the parcel directly to the east of defendants' property. They received a contract from the Grimsons dated September 30, 1964, and a deed dated December 29, 1965. Their deed contained a metes and bounds description which was also followed by the parenthetical statement, "(According to Gene A. Leuthold survey of 1961)."

After purchasing their property defendants constructed a house and built a wire-fenced dog run just north and east of their house, together with a rock retaining wall. At that time plaintiffs asked Mr. Leuthold to "run a line" along their west boundary as determined by his 1961 survey. Mr. Leuthold's line showed that parts of defendants' dog run and rock wall were on plaintiffs' property. Plaintiffs requested defendants to remove the improvements to the extent that they encroached upon plaintiffs' property.

Defendants did not do so. Instead they hired Pacific Surveys to make a survey in order to establish the boundaries of their property. In 1967 Pacific Surveys concluded that Leuthold had erroneously located a center section line and as a consequence had placed the northwest corner of plaintiffs' property 30.64 feet west of its true position.

Defendants contend that they are entitled to have the boundary of their tract established in accordance with a description based upon the beginning point set by Pacific Surveys. Plaintiffs contend that the boundaries actually marked out on the ground in accordance with the Leuthold survey are controlling. The trial court took plaintiffs' view of the case.

██ In construing a deed our duty is to ascertain and give effect to the intentions of the parties, as evidenced by the language of the instrument and the circumstances attending its execution.[1] As we have indicated, both defendants' and plaintiffs' deeds made reference to the Leuthold survey. That survey was commissioned and conducted for the sole purpose of establishing boundaries for each tract that the Grimsons were planning to sell, and the corner stakes set by Mr. Leuthold were conspicuous and known to all the parties. It is evident that conveyances of the parcels were made on the assumption that the stakes marked their boundaries, and that when they purchased neither plaintiffs nor defendants had any idea that the Leuthold survey may have been incorrect.

It is seldom that surveys are made with perfect accuracy. Indeed, in the present case the Pacific survey disagrees in various respects with a survey of the same area and utilizing the same center section line conducted by Marx & Chase, Inc. in 1969, and with a survey conducted by D. T. Meldrum in 1933. The appropriate inquiry in cases of this kind is not whether a survey is completely accurate, but whether the lots are purchased in reliance upon the boundaries which it establishes.[2] When there is such reliance, to

---

[1] O'Gorman v. Baker et ux, 219 Or 170, 189, 338 P2d 638, 347 P2d 85 (1959); United States Nat. Bank v. Miller et al, 122 Or 285, 295, 258 P 205, 58 ALR 339 (1927); Palmateer v. Reid, 121 Or 179, 183, 254 P 359 (1927).

[2] See, Akin v. Godwin, 49 So2d 604 (Fla. 1950); LeCompte v. Lueders, 90 Mich 495, 51 NW 542 (1892); Jones v. Poundstone, 102 Mo 240, 14 SW 824 (1890); Blassingame v. Davis, 68 Tex 595, 5 SW 402 (1887); Flynn v. Glenny, 51 Mich 580, 17 NW 65 (1883); Skelton, Boundaries and Adjacent Properties 121, § 135 (1930); 6 Thompson, Real Property 604, § 3050 (1962). See also Browder, The Practical Location of Boundaries, 56 Mich L Rev 487, 526-28 (1958).

sanction the relocation of boundaries on the basis of subsequent surveys would defeat the intentions of the parties and subvert the security of possession.

It is to be observed that this is not a case where property not originally owned by the grantor is encroached upon as a result of possession in conformance with an allegedly erroneous survey. Under either the Leuthold or the Pacific survey, plaintiffs' and defendants' properties lie entirely within the tract originally owned by the Grimsons.

The trial court correctly held that the lines established by the Leuthold survey are controlling under the circumstances of the present case and therefore the judgment must be affirmed.