Argued September 29, affirmed October 25, reconsideration denied
December 1, 1976, petition for review denied January 11, 1977

# FIRST NATIONAL BANK OF OREGON, *Respondent,*
## *v.*
# TOWNSEND et al, *Appellants.*
## (No. 74-1848-E-2, CA 6024)

555 P2d 477

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant State of Oregon. With him on the brief were Lee Johnson, Attorney General, and Philip J. Engelgau, Assistant Attorney General, Salem.

*Douglas P. Cushing,* Medford, argued the cause for respondent. With him on the brief was Frohnmayer & Deatherage, Medford.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal by the State of Oregon, asserting the interests of the grantor, from a declaratory judgment decree construing a deed as creating a fee simple title in the grantee.

The matter was tried upon stipulated facts. The grantee died on May 14, 1974. The following witnessed and notarized deed was thereafter discovered among his personal effects and was recorded by plaintiff, the decedent's personal representative, in the Jackson County Deed Records on September 11, 1974.

"WARRANTY TIMBER AND MINERAL DEED

"This indenture made and entered into this the first day of February, 1955 between John Townsend, the party to the first part, and Claude J. Miller and [sic: name obliterated], Parties of the second part.

"WITNESSETH

"The said party to the first part, for and in consideration of Two Hundred and No/100 Dollars, to him in hand paid on all Trees and Minerals removed from his property.

"Does hereby grant and convey unto the said parties of the second part, their heirs and assigns, the said tract of land in Jackson County, Oregon. Described as follows to wit:

"The South West Quarter of the North East Quarter of Section 35 Township 40, Range 2, East the Willamette Meridian

"The right to enter upon said land, cut and remove trees, mine and remove minerals, and make such alteration on said property as may be required in the removal of said trees of [sic: or] the mining of said ores or minerals. Said party of the first covenanting not to enter on said lands during said term in any manner which would prevent the re-logging removal of trees or ores and minerals of commercial value of the second parties.

"All back taxes and taxes hereafter levied on said land will be paid by the parties of the second part, their heirs or assigns.

"And the above described lands and property in quiet, peaceable, and exclusive possession of the said parties of

[ 105 ]

the second part, their heirs or assigns against all persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part will warrant and defend.

"In witness whereof I have hereunto set my hand and seal the day, and year first above written.

"/s/ John Townsend"

The sole issue is the legal effect to be given this deed. If the instrument made a conveyance of fee title, the land therein described is included in the grantee's estate. If, however, the instrument conveyed only a limited right to remove timber and minerals from the land, then the grantor retained the underlying fee. The grantor is deceased and has no known heirs. Thus any interest retained by him is subject to escheat to the State of Oregon.

In support of its contention that the deed conveyed only timber and mineral rights, the state points to the title of the instrument. The language "timber and mineral deed" is, it contends, an express limitation on the otherwise all-inclusive word "warranty." The state also relies on the recital of consideration. That the grantor acknowledges, in this clause, receipt of payment for trees and minerals removed from "his" land indicates, it is urged, an intent by the parties that the grantor retain title. Moreover, it is argued, if a fee were to be conveyed, there would have been no mention of trees and minerals, the rights to which are implicitly included in a fee simple. Similarly, if the parties contemplated the transfer of a fee, there would have been no reason to include in the instrument express provisions that the grantee would have the right to enter upon the land or that the grantor would not enter on the land in a manner which would interfere with grantee's operation. Finally the state points out that the parties referred to a "term" in the instrument. Such a reference is inconsistent with the grant of an unlimited estate.

The grantee's representative bases its claim that the deed conveys a fee simple on the unequivocal

language of the granting clause which purports to convey "the said tract of land" to the grantee and "their heirs and assigns." Reliance is also placed upon the clause requiring the grantee "and their heirs and assigns" to pay all "taxes hereafter levied" without time limitation and upon the final clause which purports to warrant "quiet, peaceable, and exclusive possession" to the grantee.

When, as here, a deed is patently ambiguous, the court must first attempt to determine the intent of the parties from the language of the deed itself, taken as a whole, and from the surrounding circumstances. *Wirostek v. Johnson,* 266 Or 72, 511 P2d 373 (1973), *Doyle v. Gilbert,* 255 Or 563, 469 P2d 624 (1970), *Palmateer et al. v. Reid,* 121 Or 179, 254 P 359 (1927). However, this record is devoid of any extrinsic evidence which might shed light on the parties' intent, and the language of the deed itself is so contradictory, and the inferences for either construction equally strong, that we cannot reasonably discern from it what legal effect its maker contemplated. Reference to established rules of construction is appropriate in such a situation.

■ When there is doubt as to whether the parties intended that a deed transfer a fee simple or a lesser interest in land, that doubt should be resolved in favor of the grantee and the greater estate should pass. *Palmateer et al. v. Reid, supra.* Stated differently, "all doubts are resolved against restrictions on the use of property by the grantee * * *." *Gange et ux. v. Hayes et al.,* 193 Or 51, 61, 237 P2d 196 (1951). The apparent intent of the rule is to avoid undue fragmentation of ownership and to deter quiet title suits.

■ There is also authority for the more technical proposition that if the intent of the parties cannot be discerned from the deed and there is, as here, an irreconcilable conflict between the granting clause and other parts of the deed, the estate conveyed in the granting clause will prevail. *Palmateer et al. v. Reid, supra,* 121 Or at 185.

■ Both of these constructional preferences support a conclusion that the deed conveyed title in fee simple.

■ There is yet another principle of construction: that escheat is not favored by the law. It has been held that doubt as to whether property is subject to escheat should be resolved against the state. *See* 7 Powell, Real Property ¶ 988, at 621 (1975). This tenet has its typical application in escheat proceedings when it is uncertain whether the intestate died without heirs. Since the issue here is resolved through other rules of construction, we note the rule regarding escheat, but need not consider whether it is controlling in this type of proceeding.

Affirmed.