**130 So.2d 35**

**Hazel Curlee JOHNSON**

v.

**L. L. HARRISON et al.**

**7 Div. 452.**

Supreme Court of Alabama.

March 2, 1961.

Rehearing Denied May 25, 1961.

Knox, Jones, Woolf & Merrill, Anniston, for appellant.

Chas. Thomason, Anniston, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the Circuit Court of Calhoun County, in Equity, in a suit brought by the heirs at law of H. F. Harrison, deceased, against Hazel Curlee Johnson, the niece of the deceased, to set aside a deed executed by Harrison during his lifetime to Mrs. Johnson, the appellant.

The complaint as last amended sought cancellation of the deed on four grounds: (1) mental incapacity of the grantor, (2) undue influence on the part of the grantee in the deed, (3) lack of delivery of the deed during the life of the grantor, and (4) forgery.

The lower court found that the deed was executed by the grantor named therein, that there was no undue influence exercised over him and that he was mentally capable of executing the deed, but that there had been no delivery in the lifetime of the grantor named in the deed and therefore it was ineffectual to pass title.

The deed sought to be cancelled was entered into on March 26, 1954, by and between H. F. Harrison, party of the first part, and Hazel Curlee Johnson, party of the second part, and was in words and figures as follows:

"The State of Alabama
"Calhoun County

"This Indenture, made and entered into on this 26th day of March, 1954,

**212**

by and between H. F. Harrison, party of the first part, and Hazel Curlee Johnson, party of the second part:

"Witnesseth: That, for and in Consideration of the sum of One Thousand and no/100 Dollars, to the part— of the first part in hand paid by the part— of the second part, the receipt whereof is hereby acknowledged, the part— of the first part ha— granted, bargained and sold, and do— by these presents grant, bargain, sell and convey unto the part— of the second part, the following described real property, to-wit:

"Lot No. Sixteen (16) in Block 'C' fronting Sixty (60) feet on the West Side of Leighton Avenue and running back of equal width One Hundred Sixty (160) feet to an alley, as shown by the map of Corning Highlands, duly recorded in the Probate Office of Calhoun County, Alabama, situated in Anniston, Calhoun County, Alabama. This her home her life time and after *he* death her daughters will become owner of same Daughters Margarette Johnson and Stephenie Johnson.

"To Have and to Hold, together with all and singular the rights, tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining, unto the party of the second part, her heirs and assigns, in fee simple.

"And the party of the first par*d* does hereby covenant with the party of the second part that she is lawfully seized in fee of the said premises, that she had a good right to sell and convey the same; that said premises are free from incumbrance; and that he will warrant, and will forever defend the title to said premises against the lawful claims and demands of all persons whomsoever.

"In Witness Whereof, the party of the first part has hereto set his hand and seal, on this, the day and year herein first above written.

"(Signed)   H. F. Harrison   (L.S.)"

Appellant, in assigning errors, presents two questions: (1) that the minor children of Hazel Curlee Johnson, Margarette and Stephenie Johnson, are not made parties to the suit, and that they as remaindermen of the suit property are indispensable parties; (2) that the evidence is sufficient to show effectual delivery of the deed during the lifetime of the grantor and that the court erred in its finding as a matter of law from the testimony in this cause that there was no delivery of the deed during the lifetime of H. F. Harrison (grantor).

The deed was found in a tin box which was still in the possession of the grantor at the time he took his life. After his death, the brother of Mrs. Johnson, Hoyt Curlee, got the box and opened it and the deed was taken from the box. Hoyt Curlee said in the presence of the grantee (Mrs. Curlee Johnson):

"Hazel, we have something in this box that concerns you."

Hazel looked surprised and her mother said that she was surprised.

Hoyt Curlee testified that some time before Mr. Harrison (grantor) died, he showed the deed here involved to him (Hoyt Curlee) and told him to take the deed, and that he (Hoyt Curlee) told the grantor that he had no place to keep it. Curlee testified that he told Mr. Harrison:

"I told him to keep them for me, when I did get a safe place to keep them I would come and get them."

This transaction between the deceased grantor and Hoyt Curlee took place some two months before the grantor died.

The appellant has correctly stated the law as to who are indispensable parties, but it is not applicable to this case upon proper construction of the deed involved.

■■ All conveyances of land are construed as fees unless expressly limited. Title 47, § 14, Code of 1940. In construction of deed, intent of parties will be sought in entire instrument. Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420; Reynolds v. Reynolds, 208 Ala. 674, 95 So. 180; Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127, and cases therein cited.

■ Another rule of construction of deeds is that when subsequent words are of doubtful import, they cannot be construed as to contradict the preceding words which are certain. Petty v. Boothe, 19 Ala. 633; McCombs v. Stephenson, 154 Ala. 109, 44 So. 867; Head v. Hunnicutt, 172 Ala. 48, 55 So. 161; Hardee v. Hardee, supra.

■ Also, the granting clause in deed determines interest conveyed and when not obscure or ambiguous it prevails over introductory statements or recitals. Henry v. White, 257 Ala. 549, 60 So.2d 149; Wright v. Smith, 257 Ala. 665, 60 So.2d 688; Green v. Jones, 257 Ala. 683, 60 So.2d 857; Hardee v. Hardee, supra.

■ In other words, the presumption is, and all doubts are resolved in favor of a fee simple estate. The intention to create a lesser estate than a fee must clearly appear, for the courts will not construe the grantor's words as conveying a lesser estate if a different meaning can fairly be given to them.

Looking at the deed as a whole, the first sentence shows a grant to *one* grantee. True, there were no words of inheritance following, therefore, we look to the next words following description. This sentence contains an unintelligible and a non-sensical phrase "her daughters will become owner of same Daughters Margarette Johnson and Stephenie Johnson."

With such phrasing, the sentence is not clear or certain, it is obscure and of doubtful import. It requires editing, punctuating, and adding to the sentence.

The next part of the deed clearly states "her heirs and assigns, in fee simple." The next sentence states "she is lawfully seized in fee of the said premises, that she had a good right to sell and convey the same."

■ The deed imports a fee simple title in all its clauses but one, which is of doubtful import. These facts, plus the presumption that every estate in lands is to be taken as a fee unless clear and expressed terms are shown to the contrary, leads to the conclusion that the grantee, Hazel Curlee Johnson, received a fee simple title; therefore, there is no interest conveyed to her daughters, Margarette and Stephenie Johnson, whom appellant claims are indispensable parties and have an interest in suit. Consequently, there was no failure on the part of complainants to join indispensable parties.

The second argument for reversal advanced by appellant is that the trial court in his decree held that the testimony, as a matter of law, was insufficient to show a delivery of the deed during the lifetime of the grantor.

Whether the judge in his decree held that there was no delivery as a matter of law or as a matter of fact is not clear, and the decree is ambiguous in this respect. The decree, in pertinent part, reads as follows:

"And upon a consideration thereof, the court makes a finding of fact, as follows:

"1. The deed in question in this cause was found among H. F. Harrison's papers after his death. This being so, the burden was upon the respondent to show delivery of said deed by clear and convincing evidence.

"There two houses on the property involved in this case, one of them being rented and the other being occupied as the home of H. F. Harrison. There was no change of possession as to this property, so far as the evidence showed. H. F. Harrison continued to live on the property until his death and

there was a complete absence of proof as to who collected the rent on the other house after the time of the alleged delivery of the deed. There was testimony showing that at the time of the opening of the box, which contained the papers of H. F. Harrison, that the respondent, Hazel Curlee Harrison, made the statement, when the deed to her was found, that she was as much surprised as anyone else about the deed. All of these things being considered, and assuming without passing on the truthfulness of the testimony of Hoyt Curlee, as to an alleged delivery of the deed in question to him, the court is not convinced that there was a delivery of the deed during the lifetime of H. F. Harrison.

"2. The deed in question was executed by H. F. Harrison, who was of sound mind at the time, and said deed was not the result of any undue influence exerted on him by the respondent, or anyone else. * * *"

■ In order to rule on appellant's assignment of error we must first ascertain what the judge meant in his decree. Decrees are to be construed like any other written instrument and it is proper to look to the record and pleadings in order to interpret said decree. Schwab v. Schwab, 255 Ala. 218, 50 So.2d 435; Taunton v. Dobbs, 240 Ala. 287, 199 So. 9; Murray v. Service Transport Co., 254 Ala. 683, 49 So.2d 221; Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 64 So. 341; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. While these cases do not deal with the exact facts and recitals, the propositions of law in them have application here.

The portion of the decree which appellant claims states there was no delivery as a matter of law is as follows:

"* * * and assuming without passing on the truthfulness of the testimony of Hoyt Curlee, as to an alleged delivery of the deed in question to him, * * *"

■ This phrase standing alone would tend to import that the court decreed no delivery as a matter of law, but looking at the record and decree as a whole, we think the court decreed no delivery as a matter of fact. The portion of the decree that appellant relies on comes under the heading of "Finding of facts." Also, the court stated "the court is not convinced," which imports that the facts or testimony given were not enough in his mind, sitting as trier of facts, to convince him that grantor intended to divest himself of title, the question of delivery being one of fact and based on the intention of the grantor. Alford v. Henderson, 237 Ala. 27, 185 So. 368; Dawson v. J. A. Lindsey & Co., 223 Ala. 169, 134 So. 662; Hinson v. Byrd, 259 Ala. 459, 66 So.2d 736.

Our construction leads us to the conclusion that the trial court intended to say that even if Hoyt Curlee's testimony is true, he is not convinced that this manifested an intent on grantor's part to divest himself of the title to said property, this being a question of fact and not of law.

■ Such finding of the Chancellor of the lower court, in our opinion, not being plainly erroneous or palpably wrong, we will not disturb such a finding. Trans-America Ins. Co. v. Wilson, 262 Ala. 532, 80 So.2d 253; Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Adams Supply Co. v. United States Fidelity & Guaranty Co., 269 Ala. 171, 111 So.2d 906; Hagan v. Crowley, 265 Ala. 291, 90 So.2d 760.

Having considered the entire record as it bears on the issues, it is the opinion of this court that the decree of the Court of Equity granting relief to complainants should be affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.