213 So.2d 219

Jacklyn Caperton **SLATEN** et al.

v.

Margaret Caperton **LOYD.**

8 Div. 274.

Supreme Court of Alabama.

July 18, 1968.

John B. Tally, Scottsboro, for appellants.

Dawson, McGinty & Livingston, Scottsboro, for appellee.

HARWOOD, Justice.

This appeal is from a final decree in a proceeding for declaratory judgment. The suit was initiated by Margaret Caperton Loyd, complainant below and appellee here, against Jacklyn Caperton Slaten, Sarah May Caperton and others, the relief sought being a construction of two deeds forming the basis of complainant's claim of title to a tract of farm land.

The brief for appellants, designated above, contains a "Statement of Facts" agreed to by attorneys for appellee. This is substantially as follows.

G. H. Caperton was the father of complainant, Margaret Caperton Loyd, and of Jack Caperton and three other children.

Jack Caperton has four children, the appellants Mrs. Jacklyn Caperton Slaten and Miss Sarah May Caperton, who are adults, and Tommy Caperton and Diann Caperton who are minors.

On January 4, 1940, G. H. Caperton, joined by his wife, Annie Kate Caperton, conveyed certain lands to his son, Jack Caperton, by a deed made. Complainant's Exhibit "A" to the bill.

The granting clause in that deed is as follows:

"That we, G. H. Caperton and wife Annie Kate Caperton, of the first part, in consideration of the natural love and affection we have for our son, Jack Caperton and other good and valuable considerations, the receipt *where* (sic.) is hereby acknowledged, do hereby grant, bargain, sell and convey unto our said

son, Jack Caperton, of the second part, the following described property situated in Jackson County, State of Alabama, to-wit: (here follows the description of the lands) Together with all and singular the tenements, hereditaments, rights, members, privileges and appurtenances thereunto belonging or in any way appertaining."

The habendum clause in the deed is as follows:

"To have and to hold the same unto the said party of the second part for and during his natural life, and upon his death, such children or children of deceased children as he might leave surviving him, share and share alike, per stirpes and not per capita, it being the intention hereof that children of deceased children shall take only the share their parents would have received *has* (sic.) such deceased child, or children, survived said second party, but in default of such issue or children of deceased children, then to the heirs at law of G. H. Caperton, the undersigned grantor, in fee simple."

On December 19, 1946, Jack Caperton executed a quit-claim deed back to his father, G. H. Caperton, for the property described in the above mentioned deed. (Complainant's Exhibit "B.")

On September 8, 1951, G. H. Caperton executed his will (Complainant's Exhibit "C") and therein devised to his daughter, Margaret Loyd, the farm known as the Jacoway Place, situated in Sections 21 and 22, Township 1, Range 7. G. H. Caperton was dead at the time the bill in this cause was filed and his will had been admitted to probate.

On January 4, 1940, G. H. Caperton and his wife made a deed of conveyance of certain other lands to their daughter, Margaret Caperton Loyd. (Complainant's Exhibit "D.") The granting clause and the habendum clause in that deed are similar, if not identical, to the same clauses in the deed from G. H. Caperton to Jack Caperton. (Complainant's Exhibit "A.") The

two deeds, Complainant's Exhibit "A" and Exhibit "D" were executed on the same day, January 4, 1940.

On February 3, 1967, the solicitors for complainant, Margaret Caperton Loyd, the solicitor for the appellant respondents, and the Guardians ad litem in this proceeding entered into a submission agreement to submit the cause for decree on the bill and answer on the question as to whether or not the deeds exhibited to the bill of complaint conveyed the fee simple title to the property therein described.

On March 1, 1967, the Circuit Court of Jackson County, in Equity, rendered a decree in the cause wherein the court determined that the deeds in question conveyed the fee simple title and quieted the title in the complainant, Margaret Caperton Loyd.

From this decree the two above named respondents, Jacklyn Caperton Slaten and Sarah May Caperton, appealed.

We observe, however, that all of the respondents named in the bill, as children or grandchildren of G. H. Caperton, deceased, some of them minors, were made respondents. Only the two daughters filed an answer. The other adult respondents merely adopted the pleading of the named two. The two named respondents appealed and gave notice to the others to unite in the appeal. The minors were duly represented by guardian ad litem. None of the other respondents have appeared in this court.

The decree below recites that the purpose of the bill is to quiet title in the complainant in and to the subject property, and proceeds to a logical and detailed analysis of the granting and other clauses of the deeds involved. The court stated the conclusion reached and decreed that the granting clause in each of the deeds was clear and unambiguous and prevailed over the separate subsequent paragraph attempting to cut down the fee simple estate granted to a life estate with remainders and reversion over. The trial court followed the rule laid down in many of our cases, which is that the granting clause in a deed deter-

mines the interest conveyed, and unless there is repugnancy, obscurity or ambiguity in that clause, it prevails over introductory statements or recitals in conflict therewith, and over the habendum, too, if that clause is contradictory or repugnant to it. Wright v. Smith, 257 Ala. 665, 60 So.2d 688; Patterson v. First National Bank of Mobile, 261 Ala. 601, 75 So.2d 471; Hanners v. Hanners, 262 Ala. 143, 77 So.2d 484; Johnson v. Harrison, 272 Ala. 210, 130 So.2d 35; Dickson v. Van Hoose, 157 Ala. 459, 47 So. 718, 19 L.R.A.,N.S., 719.

■■ Appellants contend that the decree is in error for that the granting clause in the deeds designates no particular estate and that the statutory rule that every estate in land is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, has no application when it is clear that a less estate was intended. Code 1940, Title 47, § 14. Powell v. Pearson, 220 Ala. 247, 125 So. 39, among others in cited in support of this contention. We find no fault in the proposition as stated, but this overlooks the requirement that intent must of necessity be found in lucid, unambiguous language used to express it, rather than statements merely contradictory or repugnant to that found in granting clause.

Appellants further take issue with the decree in that in determining the intent of the grantor the court gave effect to subsequent acts of the grantor. The trial court, recognized and stated the rule that in construing the terms of a deed, the real inquiry is the intention of the parties. Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127, among others.

■ In answer to appellants' contention the general rule is stated in 26 C.J.S. Deeds § 93, as follows:

"Where a deed is ambiguous, subsequent acts of the parties, showing the construction they put on the instrument, are entitled to great weight in determining what the parties intended, and such construction may be deemed the true one, unless the contrary is shown."

The language in Irwin v. Baggett, 231 Ala. 324, 164 So. 745, is in harmony with the general rule as stated above. This court wrote:

"Many of the rules that are pertinent, and to be applied in the construction of ambiguous clauses in conveyances, leases, and other written contracts, are collected in Lowery v. May, 213 Ala. 66, 104 So. 5. They are aids in ascertaining the expressed intention of the parties; the general rule being to construe the lease according to the parties' intention as gathered from the whole instrument, and, if the language is not clear, the circumstances attending its execution and the subsequent acts of the parties."

■ We agree with the conclusion of the trial court that subsequent conduct of the grantor and grantee in the deed to Jack Caperton was properly considered and indicated the intent of both parties to the deed and the quit claim indicated a fee simple title. An adequate consideration ($3,000.00) is recited. The grantee in the deed, Jack Caperton, limited his appearance below to a disclaimer of any interest other than as an heir of G. H. Caperton. The action of G. H. Caperton in bequeathing the land in question to his daughter fortifies the conclusions of the lower court, which is further strengthened by a provision in G. H. Caperton's will leaving another and different tract of land to his son, Jack Caperton.

In our opinion the decree below is correct and should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.