[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 394 
 On Application for Rehearing
The December 15, 2000, no-opinion order of affirmance is withdrawn, and the following opinion is substituted therefor.
This case involves a dispute over the nature of the interest conveyed in two similar deeds executed in 1904. In two separate cases, the Washington Circuit Court found that the deeds conveyed a right of way (an easement) and entered judgment for the plaintiffs Teddy E. Williams and Jerry Glenn Coaker and Audrey Ellen Coaker. The cases proceeded to trial; both juries entered verdicts for the plaintiffs and the juries awarded $100 in compensatory damages to Williams and $1 in compensatory damages to the Coakers. The trial courts entered judgments on those verdicts. George T. Moss and Susan D. Moss appealed. The cases were consolidated on appeal, and this Court affirmed, without an opinion. Mossv. Williams, (No. 1991217) 807 So.2d 614 (Ala. 2000) (table); Moss v.Coaker, (No. 1991253) 807 So.2d 614 (Ala. 2000) (table). The Mosses filed an application for rehearing. We grant the application, and we reverse and remand.
Normally, we apply the "clearly-erroneous" standard of review to a trial court's judgment. In this case, however, the material facts are undisputed. The trial court based its decision on the pleadings, documentary and other evidence introduced at the hearing on the motion for a summary judgment, and arguments of counsel. "[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts." Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala. 1990). The question before this Court is one of law: namely, the nature of the interest conveyed by documents equally available to this Court as the trial court below. "`[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo.'"Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala. 1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)). See alsoHacker v. Carlisle, 388 So.2d 947, 950 (Ala. 1980) (trial court's judgment is afforded no presumption of correctness in a case tried without a jury on stipulations, briefs, and documentary evidence and in which no testimony was admitted on any *Page 395 
material matter). The disputed land in this case is a portion of a 100-foot-wide abandoned railroad bed in Washington County. The two deeds at issue were executed in 1904. The companion deeds transferred a property interest in the strip of land from the Tombigbee Lumber Company ("Tombigbee Lumber Company") and the Tombigbee and Northern Railway Company ("Northern Railway") to the Tombigbee Valley Railroad Company ("Valley Railroad"). The deeds, executed on April 6, 1904, each conveyed the same land in nearly identical language. Henry C. Flower signed one deed as the president of the grantor, the Tombigbee Lumber Company; he signed the other as president of the grantor, Northern Railway. In 1905, the Tombigbee Lumber Company executed another deed to A. D. Terrill, purporting to convey land that included the strip of land in dispute here.
In 1995, the Mosses acquired an interest in the property by the execution of a quitclaim deed from Burlington Railroad, which had removed the railroad tracks and abandoned the railroad bed before transferring its interest in the land to the Mosses. Burlington Railroad derived its interest in the land from Valley Railroad. If the interest conveyed to Valley Railroad in the 1904 deeds was a fee-simple interest, the Mosses own the 100-foot strip of land at issue. If, however, the deeds conveyed merely a right of way, then Williams and the Coakers take title to the center line of the abandoned right of way that abuts their land. Ex parteJones, 669 So.2d 161 (Ala. 1995).
The 1904 deed from the Tombigbee Lumber Company to Valley Railroad ("Deed 1") stated, in pertinent part:
"State of Alabama Washington County
 "Know All Men By These Presents, That for [and] in consideration of the sum of one dollar and other valuable consideration received by the Tombigbee Lumber Company, a corporation hereinafter called the first party, from the Tombigbee Valley Railroad Company, a corporation under the laws of Alabama, hereinafter called the second party, the first party does hereby remise, release and forever quit claim unto the said second party the strip of land one hundred feet wide being fifty feet on each side of the center line of the railroad of the Tombigbee 
Northern Railway Company, as the same is now operated across the following described lands situated in Washington County, Alabama, to-wit:
 "[Detailed list of acreage in sections of Washington County, including the parcel in dispute in this case, omitted.]
 "Reference being hereby especially made to the said survey of the said railroad for a more accurate description of the land hereby conveyed, together with the right to cut down any trees, which might fall upon said road and the further right to do all necessary things for the adequate and proper drainage of said road.
 "The intent and purpose of this conveyance and above description is to embrace all the right of way now occupied by the Tombigbee Northern Railway.
 "Also the depot grounds and round house at Fairford, Alabama and premises thereof described as follows, to wit: Beginning at a point in the south line of the right of way of the Tombigbee Northern Railway Company, 25 feet east of the present water tank on the main line, and run thence at right angles with railroad main line south one hundred and fifty (150) feet to a point, thence at right angles five hundred (500) feet west and parallel with the main line to a point, thence at right angles north *Page 396 
 to a point on the right of way of said railroad one hundred and fifty (150) feet, thence along the south line of the right of way to the point of beginning, being the land now occupied and in use as depot and round house at Fairford — all being in township 2, Range 1 West, section 3, all in Washington County and State of Alabama.
 "Also a parcel of land two hundred and fifty feet wide by three hundred and fifty feet long laid off so as to include the land now occupied by the railroad shop and brass foundry at Fairford.
 "Also the right of way and terminals at Calvert, Alabama described as follows, to wit: A strip of land. . . .
 "[Descriptions of land repeatedly using phrases such as `parcel of ground' and `right of way,' omitted.]
 "The purpose for this instrument is for the first party herein to remise, release and quitclaim unto the second party all railway and mixed property of every kind, character and description described in and conveyed by a certain deed made on even date herewith by the Tombigbee Northern Railway Company to the Tombigbee Valley Railroad Company.
 "To Have and To Hold the same unto the said second party, its successors and assigns forever.
 "In witness Whereof the said Tombigbee Lumber Company has caused these presents to be signed by its President and its corporate seal to be hereto affixed by its Secretary in furtherance of a resolution of this Board of Directors and likewise pursuant to authority given at a meeting of the stock holders of said Company this the 6th day of April A.D. 1904."
(Emphasis added.)
The other deed, from Northern Railway to Valley Railroad ("Deed 2"), contained the same terms as Deed 1, with consistent (and even more detailed) property descriptions. The only significant difference was that Northern Railway, not the Tombigbee Lumber Company, was the grantor. Deed 2 stated, in pertinent part:
 "[T]he Tombigbee and Northern Railway Company, hereinafter called the grantor, does hereby grant, bargain, sell and convey unto the Tombigbee Valley Railroad Company, . . . all the following described property [including the parcel in dispute in this case]. . . .
". . . .
 "Reference being hereby especially made to the said survey of the said railroad for a more accurate description of the land hereby conveyed, together with the right to cut down any trees, which might fall upon said road and the further right to do all necessary things for the adequate and proper drainage of said road.
 "The intent and purpose of this conveyance and above description is to embrace all the right of way now occupied by the Tombigbee Northern Railway."
(Emphasis added.)
Our analysis begins with § 35-4-2, Ala. Code 1975: "Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appearsthat a less estate was intended." (Emphasis added.) Under the statute, "the presumption is, and all doubts are resolved in favor of, a fee simple estate." Hacker v. Carlisle, 388 So.2d at 950. "The intention to create a lesser estate must clearly appear, for the courts will not construe the grantor's words as conveying a lesser estate if a different meaning can be fairly given them." 388 So.2d at 950. This Court has long recognized that § 35-4-2 is simply "a statutory affirmance of *Page 397 
the general rule that a deed is construed most strongly against the grantor." Prudential Ins. Co. of America v. Karr, 241 Ala. 525, 527,3 So.2d 409, 410 (1941) (discussing the predecessor statute to §35-4-2: Tit. 47, § 14, Code of 1940).
A fundamental rule of construction is that, in construing the terms of a deed, a court is to ascertain the intention of the parties, "`to be collected from the entire instrument.'" Ex parte Martin, 775 So.2d 202,205 (Ala. 2000) (quoting Financial Inv. Corp. v. Tukabatchee AreaCouncil, Inc., 353 So.2d 1389, 1391 (Ala. 1977)). "Another rule of construction of deeds is that when subsequent words are of doubtful import, they cannot be construed as to contradict the preceding words which are certain." Johnson v. Harrison, 272 Ala. 210, 213, 130 So.2d 35,37 (1961).
"It is frequently stated that:
 "`One of the rules in the construction of deeds is that if there be two clauses which are utterly inconsistent with each other, and which cannot be reconciled or made to stand together, the last shall give way to the first, the maxim being "the first clause in a deed, and the last in a will, shall prevail."'"
Wilkins v. Ferguson, 294 Ala. 25, 29, 310 So.2d 879, 883 (1975) (Jones, J., concurring specially) (quoting Henry v. White, 257 Ala. 549,60 So.2d 149 (1952)) (emphasis added). More specifically, "the grantingclause in a deed determines the interest conveyed, and unless there is repugnancy, obscurity or ambiguity in that clause, it prevails over introductory statements or recitals in conflict therewith, and over the habendum, too, if that clause is contradictory or repugnant to it."Slaten v. Loyd, 282 Ala. 485, 487-88, 213 So.2d 219, 220-21 (1968) (emphasis added). Where the granting clause, however, designates no particular estate, any intent to overcome the statutory presumption that the conveyance is of a fee-simple estate "must of necessity be found inlucid, unambiguous language used to express it, rather than statementsmerely contradictory or repugnant to that found in [the] grantingclause." Slaten, 282 Ala. at 488, 213 So.2d at 221 (emphasis added).
In the granting clauses of the deeds here, the "words necessary to create an estate of inheritance are not used." § 35-4-2, Ala. Code 1975. The granting clauses do not contain the words "fee simple" or "right of way." The granting clause in Deed 1 states, "[T]he first party does hereby remise, release and forever quit claim unto the said second party the strip of land." (Emphasis added.) The granting clause of Deed 2 states, "[T]he grantor, does hereby grant, bargain, sell and convey unto the Tombigbee Valley Railroad Company, . . . all the following describedproperty." (Emphasis added.) The granting clauses, therefore, use language that indicates a conveyance of land, rather than a mere right to use the land. Subsequent language in the deeds also refers to "the land hereby conveyed" and a "strip of land." (Emphasis added.) Additionally, the habendum clauses provide language suggesting the intent to convey a fee-simple estate: "To Have and To Hold the same unto the said second party, its successors and assigns forever." (Emphasis added.) See Hacker, 388 So.2d at 950 (noting that in that case the "habendum and warranty clauses contain the traditional words of inheritance connoting a fee simple estate, i.e., `his heirs and assigns'").
On the other hand, the deeds provide that "[t]he intent and purpose of this conveyance and above description is to embrace all the right of way
now occupied by the Tombigbee Northern Railway." *Page 398 
(Emphasis added.) Furthermore, both deeds use the phrase "right of way" repeatedly throughout the description of the property. The "right-of-way" phrases, however, are interspersed with descriptions of "a parcel ofland," "a parcel of ground," and "a strip of land." (Emphasis added.)
The mere use of the phrase "right of way," does not dictate a conclusion that the 1904 deeds conveyed an incorporeal interest, and not a fee. Rowell v. Gulf, M. O.R.R., 248 Ala. 463, 28 So.2d 209
(1946), and Schneider v. Mobile County, 284 Ala. 304, 224 So.2d 657
(1969), are instructive. In Rowell, this Court construed two deeds as conveying fee-simple interests where the granting clauses in those deeds conveyed a "tract of land," but the description of the land referred to the "right of way herein conveyed." 248 Ala. at 464, 28 So.2d at 210. Like the deeds at issue here, the deeds in Rowell did not define the nature of the conveyance in the granting clauses. The granting clauses inRowell provided as follows:
 "`[F]or the further consideration of the benefits to accrue to us from the construction of a railroad on the strip of land and on the station ground herein conveyed, do grant, bargain, sell and convey unto the said Mobile Ohio Railroad Company for right of way
and station grounds that certain tract of land
situated in Mobile County, Alabama, more particularly described as follows, to wit:.'"
248 Ala. at 464, 28 So.2d at 210 (emphasis on "right of way" added). One of the Rowell deeds referred to "[t]he station grounds and right of way
herein conveyed and the tract of land herein described."248 Ala. at 464, 28 So.2d at 210 (emphasis added). The habendum clauses were identical in each Rowell deed: "To Have And To Hold unto the said Mobile Ohio Railroad Company and its successors forever."248 Ala. at 464, 28 So.2d at 210 (emphasis added).
This Court held in Rowell that "the deeds under review conveyed the entire fee, and not merely an easement." 248 Ala. at 465,28 So.2d at 211. The Court noted the general rules that the granting clause prevails over conflicting introductory statements and over the habendum clause, and that conveyance of a fee-simple estate is presumed unless it clearly appears from the deed that a less estate was intended. The Rowell Court continued:
 "It is also established that `a fee will pass by a deed containing a clause or recital which is merely declaratory of the use contemplated of the land where the other parts of the deed operate as a conveyance of the fee.'
 "And, in deeds granting `land' rather than a `right,' the fact that the instrument contains additional language embodying some reference to its contemplated use as a `right of way' does not without further qualifying terms operate to limit the estate conveyed or cut it down from a title in fee to an easement."
248 Ala. at 465-66, 28 So.2d at 211 (citations omitted; emphasis added).
The Rowell Court found no clearly expressed condition on the conveyance sufficient to reduce the estate conveyed from a fee to a mere easement.
 "Indeed, from aught that can be gathered from the language of the deeds the sale might have been for a right of way and station ground and still have been a sale of land and not an easement, and in no sense a debasement of the fee, so clearly conveyed by the granting and *Page 399 
habendum clauses of the two instruments."
248 Ala. at 466, 28 So.2d at 211.
Like the conveyance of a "tract of land" in the Rowell deeds, the deeds here convey in the granting clauses "land" and "property," respectively. The Rowell deeds and the present deeds use the phrase "strip of land."
The differences between the deeds here and the deeds in Rowell only weaken the argument that the deeds here convey merely an easement. TheRowell deeds, in the granting clause, referred to the land conveyed as a "right of way." The right-of-way language in the present deeds, however, appears in provisions following the granting clause. Because "the granting clause in a deed determines the interest conveyed," Slaten,282 Ala. at 487-88, 213 So.2d at 220-21, conveyances of "land" and "property" in the present deeds, with no conflicting language in the clause itself, even more strongly indicate a conveyance of a fee-simple estate. If the granting clauses convey with certainty a fee simple, then the "subsequent words . . . of doubtful import [e.g., right of way] . . . cannot be construed as to contradict the preceding words which are certain."Johnson, 272 Ala. at 213, 130 So.2d at 37.
Even if the granting clauses convey an uncertain interest, the use of the phrase "right of way" in subsequent language of the deeds is not the type of "lucid, unambiguous language used to express [the grantor's intent]," but, rather, language that is "merely contradictory or repugnant to that found in [the] granting clause." Slaten, 282 at 488, 213 So.2d at 221. Both of the 1904 deeds contain the statement that the intent of the grantor is to "embrace all the right of way" occupied by Northern Railway. This language indicates the grantor's intent to wholly encompass within the conveyance all the land "embraced" by Northern Railway's interest. In Rowell, this Court construed the use of the phrase "right of way" not to indicate the grant of an easement, but said that the phrase was mere "additional language embodying some reference to its contemplated use as a `right of way.'" 248 Ala. at 463, 28 So.2d at 211. Similarly, the additional language in the 1904 deeds embodies a reference to a description of the boundaries of the land conveyed; namely, "all the right of way" occupied by Northern Railway. The grantor thus attempted to clarify his intent to convey the land, which the preceding language described in painstaking detail, by using a general reference to all the land held by Northern Railway. The deeds' use of the phrase "right of way" throughout the documents is not indicative of the interest conveyed but of the existing boundaries of the 100-foot wide strip of land.
The references to a "strip of land" do not detract from the argument that the present deeds convey a fee-simple estate. In Schneider v. MobileCounty, supra, this Court, quoting extensively from Rowell, held that a fee was conveyed in deeds that described the property as "[a] strip ofland, to be used as a right of way for the Citronelle Road."284 Ala. at 307, 224 So.2d at 660. Likewise, the "strip of land" in the present deeds is merely a description of the property's configuration, not an indication that only an easement was intended to be conveyed. Again, the use of the word "land" indicates that more than a mere incorporeal right was conveyed.
If Tombigbee Lumber Company and Northern Railway intended in 1904 to convey an incorporeal interest, "apt words should have been employed to clearly indicate such and to specifically qualify these controlling clauses." Rowell, 248 Ala. at 466, 28 So.2d at 211. We will not construe the grantors' words as conveying an easement *Page 400 
when a different meaning — here, a conveyance of a fee-simple interest — can be fairly given them. Hacker, 388 So.2d at 950.
We conclude that the deeds conveyed a fee-simple estate, and not a mere easement or right of way. Williams and the Coakers have failed to overcome the statutory presumption; it does not "clearly appear that a less estate was intended." § 35-4-2, Ala. Code 1975.
The trial court's judgment is hereby reversed and the cause remanded for proceedings consistent with this opinion.
APPLICATION GRANTED; NO-OPINION ORDER OF AFFIRMANCE WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
Houston, See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.